## Linn v. Walker.

*Negligence — Minister—Automobile owned by congregation—Member of congregation as driver.*

A minister is not liable for the negligence of the driver of an automobile purchased by his congregation for his use in performing his duties where he had no choice in the selection of the driver, who was a member of the congregation, and exercised no control over the operation of the car, and at the time of the accident, he was being driven to his home after having officiated at a funeral.

Trespass for personal injuries. Motion for new trial. C. C. Allegheny Co., 1925, No. 530.

Before Miller, Jones and McKim, JJ.

*J. D. Golding*, for plaintiff; *William George Negley*, for defendant.

McKim, J.—The action is trespass to recover for injuries sustained by plaintiff in an automobile accident.

The plaintiff's statement of claim alleges that the defendant was the owner of the automobile which caused the alleged injuries and that at the time of the

accident the defendant was the occupant of the car, which was being operated by his servant, agent or employee, under defendant's control and charge, and on defendant's business.

The affidavit of defence denies ownership by the defendant, denies that at the time of the accident the car was being operated by defendant for his own business and pleasure, and denies that at the time of the accident the automobile was under the defendant's control or was operated by his servants, agents or employees.

The evidence on the part of the plaintiff shows that defendant was a minister of the gospel, serving as pastor for the New Zion Baptist Church in the City of Pittsburgh. The automobile which caused the injuries to plaintiff was owned by the church, having been purchased for the use of the minister in his ministerial duties. The defendant never operated the car himself, but a chauffeur was furnished him from the membership of the church. On the day of the accident defendant was called to officiate in his ministerial capacity at a funeral. Defendant was driven to the funeral by a member of the church, who acted as chauffeur, and after the funeral was being driven home by a member of the church acting as chauffeur. On the way home the accident happened on Liberty Street in the City of Pittsburgh.

Defendant did not hire the chauffeur, nor did he pay him for operating the car. There was no evidence to the effect that defendant had anything to do with the choosing of the driver of the car. It seems that the same chauffeur was not sent with the car at all times.

At the close of plaintiff's case, a motion was made by counsel for defendant for a directed verdict in favor of defendant, which motion was granted and the jury instructed to find a verdict for the defendant.

Plaintiff then filed a motion for a new trial, setting forth that the court erred in granting the motion of the defendant for a directed verdict and in directing the jury to find a verdict in favor of the defendant.

It was incumbent upon the plaintiff to establish by the weight of evidence that defendant was the owner of the automobile, the operation of which caused the accident about which complaint is made, or that he exercised such control over the operation of the automobile so that the negligence, if any, of the driver would be imputed to defendant. We are of the opinion that the plaintiff did not meet this burden.

The only witness called on the part of the plaintiff to establish the ownership or control of the operation of the automobile which caused the accident was the defendant himself, who was called for cross-examination. The evidence is conclusive that the defendant was not the owner of the car; that the car was purchased by the New Zion Baptist Church to drive its minister (the defendant) around in the performance of his ministerial duties; that the defendant did not hire or choose the chauffeur who operated the car; that he assumed no control over the operation of the car, and that at the time of the accident the defendant was being driven to his home after having been at a funeral. There is no evidence to the effect that the car was being used for other than church purposes or that defendant in any way directed or controlled the operation of the automobile at the time of the accident or at any other time.

We are of the opinion that the trial judge was not in error in directing a verdict for the defendant and that the motion for a new trial should be refused.                    From William J. Aiken, Pittsburgh, Pa.